COMMONWEALTH *vs.* FENTON F.,[1] a juvenile. No. 01-P-1437. January 8, 2003. *Practice, Criminal,* Report.

On April 21, 1993, as a result of an incident in which a taxi cab driver was shot and killed during the course of an attempted robbery, three indictments issued against the defendant charging him with murder in the first degree, armed robbery, and possession of a firearm without a license. In the juvenile session of the Roxbury District Court, the defendant, then a juvenile who was sixteen years old, pleaded delinquent by reason of each of the charges and was sentenced pursuant to G. L. c. 119, § 72, as in effect in 1993, to from fifteen to twenty years of confinement.

On January 31, 2001, the defendant filed a motion to vacate and reimpose his sentence so that he might file a timely motion pursuant to Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979), to revise or revoke his sentence and thereby seek a reduced maximum sentence. See Smith, Criminal Practice and Procedure § 2027 (2d ed. 1983 & Supp. 2002). As grounds for his motion, the defendant asserted that his prior counsel was ineffective in failing to advise him that he might bring such a motion pursuant to rule 29(a).

The same judge who imposed the sentence heard the defendant's motion and, on August 16, 2001, issued an order denying the motion. In an accompanying memorandum, the judge reasoned that G. L. c. 119, § 72, as in effect in 1993, did not give the sentencing judge any discretion to impose a maximum sentence of less than twenty years, and hence, he could not grant a motion to revise or revoke the defendant's sentence even if the defendant's predicate motion to vacate and reimpose the sentence were allowed. The judge further ruled that, in light of his decision with respect to the mandatory effect of G. L. c. 119, § 72, it was unnecessary to decide the defendant's claim of ineffective assistance of counsel as a basis for allowing his predicate motion to vacate and reimpose his sentence

On August 27, 2001, the defendant filed a motion for reconsideration and an accompanying request that the judge report to this court the question whether G. L. c. 119, § 72, as then in effect, precluded a judge from imposing a maximum sentence of less than twenty years. In response to this request, the

---

[1]A pseudonym.

judge reported the following question to this court under Mass.R.Crim.P. 34, 378 Mass. 905 (1979):

> "In sentencing a juvenile for first-degree murder in 1993, under G. L. c. 119, § 72, did the sentencing judge have the discretion to impose a maximum term of imprisonment of less than twenty years, but not less than the mandatory minimum term of fifteen years (e.g., fifteen years to sixteen years)?"

The judge stated in his report that he would have sentenced the defendant to a lesser maximum sentence if he had not felt "precluded by the statute."

The Commonwealth has objected that the judge had no power under rule 34 or otherwise to report any such question. We agree and, therefore, dismiss the report.

1. At the time the indictments in this matter issued, rule 34 allowed for a report of a question of law to this court only in cases in the Superior Court and in the jury sessions of the District Court. See *Gordon* v. *Fay*, 382 Mass. 64, 66 & n.4 (1980). While the Legislature subsequently authorized District Court judges sitting in nonjury criminal sessions to exercise "all of the powers and duties which a justice sitting in the superior court department has . . . including the power to report questions of law to the appeals court," St. 1992, c. 379, § 139 (codified at G. L. c. 218, § 26A), this provision was made effective only for those cases commenced on or after January 1, 1994. St. 1993, c. 12, § 9.[2] Because the indictments were returned in this case before January 1, 1994, the report is not properly before us. See *Commonwealth* v. *Doe*, 420 Mass. 142, 146 & n.3 (1995).

2. Prior to reporting the question, the judge made no determination that the defendant's motion to vacate and reimpose his sentence might be granted due to the claimed ineffectiveness of his counsel.[3] We would therefore consider the question premature and decline to answer it even assuming it were properly before us. See *Commonwealth* v. *Downey*, 12 Mass. App. Ct. 947, 948 (1981).

*Report dismissed.*

*James L. Sultan* for the defendant.

*Michelle Learned*, Assistant District Attorney, for the Commonwealth.

---

[2]Similarly, while Juvenile Court judges at the time of these indictments were not authorized to report questions, the Legislature subsequently authorized Juvenile Court judges sitting in nonjury criminal sessions to exercise "all of the powers which a justice sitting in the superior court department has . . . including the power to report questions of law to the appeals court," St. 1996, c. 200, § 3 (codified at G. L. c. 119, § 55A). This provision was made applicable only to "complaints filed and indictments returned for offenses allegedly committed on or after October 1, 1996." St. 1997, c. 208, § 2.

[3]We note that the defendant's previous counsel submitted an affidavit in which he stated that he had advised the defendant that any motion under rule 29(a) was unlikely to be successful because the defendant's sentence had been negotiated with the prosecutor and then "accepted by the court."