**Chester D. GREEN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0308–CR–720.

Court of Appeals of Indiana.

May 12, 2004.

Robert D. King, Indianapolis, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBERTSON, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Chester Green is appealing his conviction at a bench trial of the Class D felony of criminal recklessness.

We affirm.

### ISSUES

Green states the issues as:

1. Was there sufficient evidence adduced at Green's trial to sustain his conviction for count one, criminal recklessness?

2. Are the verdicts concerning count one and count two fatally inconsistent?

### FACTS

A review of the facts supporting the verdict shows that Green went to his home in order to retrieve personal property. Green and his wife, Anjetta, began to argue, and James, her brother, intervened. Green went upstairs to get his property. Anjetta and James were standing on the first floor when the sound of a gunshot came from the second floor. A bullet struck the wall directly behind Anjetta and James. Anjetta looked up and saw Green putting things in a duffle bag. When Green started to leave, he told Anjetta that the discharge of the weapon was an accident.

When the police arrived, they found a duffel bag that contained a loaded firearm,

and they discovered that Green had one spent shell casing in his pocket. The duffel bag contained no marks or punctures indicating that the firearm discharged while in the bag. Green told the police he knew the gun was loaded, but that he did not mean to pull the trigger.

Additional facts will be disclosed as needed.

## DISCUSSION AND DECISION

### Issue 1.

Our standard of review for sufficiency claims is well settled. *Reed v. State*, 748 N.E.2d 381, 395 (Ind.2001). We do not reweigh the evidence or assess the credibility of the witnesses. *Id.* Rather we look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the conviction if there is probative evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.* Circumstantial evidence alone may support a conviction. *Thornton v. State*, 712 N.E.2d 960, 961 (Ind.1999).

Ind.Code § 35–42–2–2, in pertinent part, provides that a person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness. The same statute makes the offense a Class D felony if it is committed while the defendant is armed with a deadly weapon.

The alleged evidentiary deficiency is that the State did not put on any evidence that Green fired a gun in the direction of James. The charging information contained that allegation.

While it is true that there was no direct evidence that Green shot the weapon at James, there is circumstantial evidence that Green shot the gun and the bullet struck a wall directly behind James. Such circumstantial evidence will be deemed sufficient if inferences may reasonably be drawn that enable the trier of fact to find the defendant guilty beyond a reasonable doubt. *Watkins v. State*, 766 N.E.2d 18, 22 (Ind.Ct.App.2002), *trans. denied.*

As a part of this issue, Green argues that he was misled in that the charging information charged him with criminal recklessness on the basis that he shot at James, while there was no direct evidence at trial that he shot at James. Green contends that there is a fatal variance between proof at trial and the pleadings. In *Oberst v. State*, 748 N.E.2d 870, 876 (Ind.Ct.App.2001), *trans. denied*, we held that there is a variance between proof at trial and the charging information where, among other things, the defendant was misled by the variance in the evidence from the allegation and specifications in the charge, and the defendant was thereby harmed in the preparation and maintenance of his defense.

As a practical matter Green's argument is misplaced; his argument is no more than a continuation of his position that, as a material element of criminal recklessness, James was required to see Green shoot the gun. We have rejected that argument in our previous discussion. There was no misleading of the defendant as contemplated by *Oberst.*

Green was charged with criminal recklessness, and the proof at trial sustained that charge.

### Issue 2.

During the course of the trial Green, successfully obtained the involuntary dismissal of the pointing a firearm charge.[1]

---

1. *See* Ind.Code § 35–47–4–3(b).

The only verdict rendered by the trial court in this case was on the criminal recklessness charge.

We believe that it is axiomatic that, at a minimum, there must be two verdicts before any question of fatally inconsistent verdicts exists. Since there was only one verdict in this case, Green's argument fails to raise any question for our determination.

### CONCLUSION

The evidence is sufficient to sustain the verdict. Furthermore, the alleged fatally inconsistent verdicts do not exist.

Judgment affirmed.

MAY, J., and KIRSCH, C.J., concur.