James W. HALL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0411–CR–946.

Court of Appeals of Indiana.

July 28, 2005.

---

Kurt A. Young, Nashville, for Appellant.

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

James W. Hall appeals from his convictions for Intimidation, as a Class C felony, and Criminal Recklessness, as a Class D felony, following a bench trial. The sole issue he raises on appeal is whether the State presented sufficient evidence to sustain his convictions.

We affirm in part and reverse and remand in part.

### FACTS AND PROCEDURAL HISTORY

Hall was living with his long-time girlfriend Terreia Jimison when, on the evening of June 19, 2004, they began to argue. At some point, Jimison instructed Hall to leave her house. Thereafter, Jimison, who was crying and "hysterical," exited the house and yelled for her neighbor, Toii Pryor, to bring her a telephone so that she could call the police.[1] Transcript at 8. Pryor and her uncle, Kevin Campbell, brought a cordless telephone to Jimison's house and stood near Jimison as she dialed 911 from the kitchen.

---

1. The record is unclear regarding Hall's whereabouts during that time.

A few minutes later, Hall entered the room and stated, "I'm not going nowhere[.][sic] I'm going—I'm going to kill you[.] Why are you trying to have them down here call the police[?][sic] I'm not going nowhere. [sic]" *Id.* at 17. Hall then reached for a serrated steak knife from the sink and "charged" at Jimison, who darted behind Pryor and pleaded with Hall to leave. *Id.* Once Hall was within one foot of Jimison, he began to swing the knife and attempted to "stab around [Pryor]," but when Pryor grabbed Hall's arm, Hall dropped the knife. *Id.*

Hall then left the room, walked up the stairs, and announced that he was going to gather his belongings and leave. When Hall returned downstairs, he held a pair of scissors with the blades pointed outward. As he moved toward Jimison, he reiterated his refusal to leave the house and again threatened to kill Jimison. However, Hall stopped before he reached her, placed the scissors on a table, and exited the room.

A short time later, Hall returned from the kitchen with a broken plate and told Jimison, "I should kill you now while they [are] right here." *Id.* at 24. But immediately afterward, Hall stated, "I'm not going to do it[.] I ain't going to do that. I'm not going nowhere though, unless they make me leave. [sic]" *Id.* Hall then left the room with the broken plate. The police arrived shortly thereafter and arrested Hall. The State charged Hall with intimidation and criminal recklessness, and, following a bench trial, the court found him guilty as charged. Subsequently, the trial court entered judgment of conviction and sentenced Hall accordingly. This appeal ensued.

## DISCUSSION AND DECISION

■ In addressing Hall's claims that the evidence was insufficient to support his convictions, we neither reweigh the evidence nor assess the credibility of the witnesses. *Lawson v. State*, 803 N.E.2d 237, 241 (Ind.Ct.App.2004), *trans. denied.* Rather, we look to the evidence most favorable to the judgment and the reasonable inferences therefrom. *See id.* While we seldom reverse for insufficient evidence, in every case where that issue is raised on appeal we have an affirmative duty to make certain that the proof at trial was, in fact, sufficient to support the judgment beyond a reasonable doubt. *See Bunting v. State*, 731 N.E.2d 31, 35 (Ind. Ct.App.2000), *trans. denied.* The Due Process Clause of the United States Constitution protects an accused against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *B.K.C. v. State*, 781 N.E.2d 1157, 1163 (Ind.Ct.App.2003) (quoting *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)).

## Intimidation

■ Hall first asserts that the State failed to present sufficient evidence to sustain his intimidation conviction. To convict Hall of intimidation, as a Class C felony, the State was required to prove that Hall communicated a threat to Jimison with the intent that she be placed in fear of retaliation for a prior lawful act while he drew or used a deadly weapon. *See* Ind.Code § 35–45–2–1(a)(2), (b)(2). Here, Pryor testified that Hall told Jimison that he would kill her, that he then grabbed the knife from the sink, and that he charged at Jimison with the knife. Pryor also testified that as Hall attempted to stab Jimison, he repeatedly stated only that he was not going to leave the house.

Hall contends that his intimidation conviction cannot stand because "his threats were made either before he picked up the knife or after he had dropped it." Brief of

Appellant at 9.[2] We must agree. Indiana Code Section 35–45–2–1 does not expressly require possession of a deadly weapon, but that requirement is implicit in the statutory language. Possession of an item can be characterized as either actual or constructive. *See Collins v. State,* 822 N.E.2d 214, 222 (Ind.Ct.App.2005), *trans. denied.* "Actual possession occurs when a person has direct physical control over the item." *Massey v. State,* 816 N.E.2d 979, 989 (Ind. Ct.App.2004). Constructive possession occurs when someone has "the intent and capability to maintain dominion and control over the item." *Collins,* 822 N.E.2d at 222.

Here, Hall was in close proximity to the knife when he threatened to kill Jimison. Nevertheless, it is well-settled that "[c]riminal statutes are strictly construed against the State." *Herron v. State,* 729 N.E.2d 1008, 1010 (Ind.Ct.App.2000), *trans. denied.* The statute provides that "the offense [of intimidation] is a Class C felony if, while committing it, the person draws or uses a deadly weapon." I.C. § 35–45–2–1(b)(2). The legislature used the active verbs "draw" and "use," which indicates that neither close proximity to the weapon nor constructive possession will suffice for the purposes of Indiana Code Section 35–45–2–1(b)(2). The statute requires that the deadly weapon be drawn or used, which means that the perpetrator must have actual possession of the weapon while communicating a threat.[3]

In this case, there is no evidence that Hall threatened Jimison while he had actual possession of the knife. Pryor testified, and the State concedes, that Hall threat-

ened Jimison's life "and *then* [ ] reached for a knife in the sink ...." Brief of Appellee at 2 (emphasis added). The legislature intended to enhance the punishment for intimidation when the defendant utilizes a deadly weapon. But even if an act "fall[s] within the spirit of a statute, it will not constitute a crime unless it is also within the words of the statute." *Herron,* 729 N.E.2d at 1010. The State did not prove that Hall's threat was contemporaneous with his actual possession of the knife and, thus, failed to prove an essential element of the offense. We are, therefore, constrained to reverse Hall's Class C felony intimidation conviction.[4]

However, when a conviction is reversed because of insufficient evidence, we may remand for the trial court to enter a judgment of conviction upon a lesser-included offense if the evidence is sufficient to support the lesser offense. *Neville v. State,* 802 N.E.2d 516, 519 (Ind.Ct.App.2004), *trans. denied.* The lesser-included offense is factually included in the crime charged if the charging instrument alleged that the means used to commit the crime included all the elements of the alleged lesser-included offense. *Id.*

In this case, the charging information alleged:

James Hall, on or about June 19, 2004, did communicate to Terreia Jimison, another person, a threat to commit a forcible felony, that is: threatened to kill Terreia Jimison, with the intent that Terreia Jimison be placed in fear of retaliation for a prior lawful act, said prior lawful act being telling James Hall

2. The State failed to address that argument in its brief.

3. The word "draw" is defined in relevant part as: "to take or pull out." THE AMERICAN HERITAGE DICTIONARY 561 (3d ed.1994). The word "use" is defined in relevant part as: "to put

into service or apply for a purpose; employ." *Id.* at 1966.

4. We note that only the knife was identified as a deadly weapon in the charging information. That document did not make reference to either the scissors or the broken plate.

to leave Terreia Jimison's residence; and further, that James Hall did draw or use a deadly weapon while communicating said threat to Terreia Jimison, specifically, a knife[.]

Appellant's App. at 16. Indiana Code Section 35–45–2–1(a) provides in relevant part that a person who communicates a threat to another person with the intent that the other person be placed in fear of retaliation for a prior lawful act commits intimidation as a Class A misdemeanor. Accordingly, the charging instrument included all the elements of that lesser-included offense.

Here, the State presented evidence that: (1) Jimison had instructed Hall to leave her house while they were arguing; (2) Hall subsequently told Jimison that he would kill her; (3) Hall then "charged" at Jimison with a serrated steak knife and attempted to stab her; and (4) Hall repeatedly stated that he was not going to leave the house. Transcript at 17. Despite that evidence, Hall contends that the State failed to prove that the prior lawful act which prompted Hall's threat was Jimison's instruction to leave the house.[5] Again, Pryor testified that throughout the incident, Hall had repeatedly stated his refusal to leave the house, and "[c]ircumstantial evidence alone may support a conviction." *Green v. State*, 808 N.E.2d 137, 138 (Ind.Ct.App.2004). Hall's assertion that the prior lawful act might have been "the subject of the earlier argument" or Jimison's call to the police is mere speculation. Brief of Appellant at 9. The evidence is sufficient to prove that Hall committed intimidation, as a Class A misdemeanor. We therefore reverse Hall's Class C felony intimidation conviction and remand with instructions to enter a judgment of conviction as a Class A misdemeanor and to resentence Hall accordingly.

## Criminal Recklessness

■ Hall also asserts that the State failed to present sufficient evidence to sustain his criminal recklessness conviction. Indiana Code Section 35–42–2–2 provides in pertinent part that a person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness. *See Green*, 808 N.E.2d at 138. The same statute makes the offense a Class D felony if it is committed while the defendant is armed with a deadly weapon. *Id.*

Here, the State presented evidence that Hall swung a serrated steak knife and attempted to "stab around [Pryor] to get to [Jimison]" while he stood less than one foot away from Jimison. Transcript at 17. Still, Hall contends that there is no evidence that he created a substantial risk of injury to Jimison. In support of his argument, Hall states that he "merely approach[ed]" Jimison with a knife and points out that the State did not charge Hall with a second count alleging criminal recklessness against Pryor. Brief of Appellant at 10. But at trial Pryor demonstrated the way Hall had held the knife and testified that he had swung the knife in close proximity to Jimison and that he had attempted to stab her. Hall's argument is a request that we reweigh the evidence and assess witness credibility, which we cannot do. We hold that the State presented sufficient evidence to support Hall's criminal recklessness conviction.

---

5. Hall challenges the sufficiency of his Class C felony intimidation conviction on this basis, but his argument applies with equal force to our Class A misdemeanor intimidation inquiry.

828

Affirmed in part and reversed and remanded in part.

SULLIVAN, J., and RILEY, J., concur.