JEFFREY S. GRABER, Appellant-Defendant,
v.
STATE OF INDIANA, Appellee-Plaintiff.
No. 34A04-0604-CR-191
Court of Appeals of Indiana.
December 14, 2006.
MATTHEW J. ELKIN, Kokomo, Indiana, ATTORNEYFOR APPELLANT.
STEVE CARTER, Attorney General Of Indiana, GARY DAMON SECREST, Deputy Attorney General, Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
ROBB, Judge.

Case Summary and Issue
Jeffrey Graber was convicted of criminal recklessness, a Class D felony, following a jury trial. He was sentenced to three years, with one year suspended and two years executed. He appeals his conviction, claiming insufficient evidence to support the verdict. Concluding that the State did not present sufficient evidence to support all the elements of criminal recklessness as a Class D felony, we reverse.

Facts and Procedural History
In July of 2003, Graber and Amber Fording were involved in a relationship. Fording was visiting her parents' house after spending the day with Gabriel Hartwig. Fording and her two daughters were in front of her parents' house when Graber pulled up to the house and parked his truck behind Hartwig's truck. Hartwig was in the cab of his truck making a phone call.
After parking, Graber exited his truck and proceeded to yell at both Fording and Hartwig. To Hartwig, Graber yelled various statements such as, "You're through, slick." Tr. at 39. Graber also beat on Hartwig's window and slashed Hartwig's tires. When Hartwig did not get out of his truck, Graber eventually left.
At some point during the altercation, the police were called and Officer Michael Harper was dispatched to investigate. Officer Harper took statements from both Hartwig and Fording in which they claimed to have seen Graber with a knife. At trial, however, both Hartwig and Fording testified they were not certain they had seen a knife. A jury found Graber guilty of criminal recklessness, and he now appeals.

Discussion and Decision

I. Standard of Review
Graber contends that the State failed to present evidence sufficient to sustain his conviction of criminal recklessness. In reviewing criminal cases, "'[i]t is the task of finders of fact, juries or judges, to determine in the first instance whether the evidence in a particular case adequately proves the elements of an offense.'" Clancy v. State, 829 N.E.2d 203, 207 (Ind. Ct. App. 2005), trans. denied (quoting Davis v. State, 813 N.E.2d 1176, 1178 (Ind. 2004)). "When a defendant contends on appeal that the State presented insufficient evidence to sustain a conviction, we neither reweigh the evidence nor judge the credibility of witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." Id. "Nevertheless, evidence of guilt of substantial and probative value, as required to affirm a conviction, requires more than a mere scintilla of evidence." Whitaker v. State, 778 N.E.2d 423, 425 (Ind. Ct. App. 2002), trans. denied.

II. Criminal Recklessness
Indiana Code section 35-42-2-2(b)(1) provides in pertinent part that a person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness. The same statute makes the offense a Class D felony if it is committed while the defendant is armed with a deadly weapon. Ind. Code § 35-42-2-2(c)(2)(A). The information charging Graber with criminal recklessness as a Class D felony alleged that he, "with a knife in hand and saying, `You're through, slick. You're fuckin through!' in a threatening manner," created a substantial risk of injury to Hartwig. We must determine if there was sufficient evidence presented from which a jury could find that Graber 1) recklessly, knowingly, or intentionally; 2) performed an act that created a substantial risk of bodily injury to Hartwig; 3) while armed with a deadly weapon.
In Hall v. State, 831 N.E.2d 823, 827 (Ind. Ct. App. 2005), trans. denied, we held that the evidence was sufficient to convict the defendant of Class D felony criminal recklessness with a deadly weapon because he created a substantial risk of bodily harm to another when he swung a serrated knife around a person who was standing in front of the defendant's intended stabbing victim. In this case, however, we conclude that the State failed to prove that Graber performed an act creating a substantial risk of bodily injury to Hartwig.
Even assuming that the jury either accepted Officer Harper's hearsay testimony that Hartwig and Fording told him that Graber had a knife over Hartwig and Fording's trial testimony that they did not see a knife or inferred from the fact that Hartwig's tires were slashed that Graber was in possession of a deadly weapon, there is no evidence that Graber committed any act creating a substantial risk of bodily injury to Hartwig. Hartwig testified that during the incident, he remained inside his truck. Graber ran behind his truck and Hartwig "wasn't sure what [Graber] was doing. I kind of assumed that he was popping the tires but I wasn't for sure." Tr. at 39. Graber then came to the truck window "and he hit the window, just kind of real fast, more like a knock and not like trying to bust it out . . . ." Id. "He didn't rear back and hit the window like he was trying to drag me out." Id. at 50. "[T]he way he was punching [the window] . . . , that wouldn't have broke [sic] it and I knew it wouldn't break it." Id. at 52. Unlike Hall, there was no direct threat of any specific physical harm to Hartwig caused by Graber's actions.[1] Although we do not condone Graber's conduct, it did not put Hartwig in harm's way, and the State's evidence fails to prove the required elements of criminal recklessness.

Conclusion
Based on the foregoing, we conclude that there is insufficient evidence to support Graber's conviction for criminal recklessness. His conviction is therefore reversed.
Reversed.
SULLIVAN, J., and BARNES, J., concur.
NOTES
[1] We acknowledge our supreme court's decision in Al-Saud v. State, 658 N.E.2d 907 (Ind. 1995), in which the court considered whether the State could prevail on a criminal recklessness conviction without submitting evidence that a gun pointed at another individual was loaded. The court concluded that the evidence was sufficient, noting that "[t]he brandishing of a firearm in a congested area or during a dispute can create a variety of risks of bodily injury to others, regardless of whether the weapon is loaded." Id. at 910. Even assuming, as we must pursuant to our standard of review, that Graber was in possession of a deadly weapon during this incident, Al-Saud is distinguishable. The defendant in Al-Saud specifically pointed his weapon at various individuals, saying to one, "I should shoot you," and pulling the trigger, although the gun did not fire. Id. at 908. Graber committed no such specific act toward Hartwig.