**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jun 08 2012, 8:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRADLEY K. MOHLER**
Ponton & Mohler
Frankfort, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL KUCHOLICK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 12A02-1109-CR-907 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLINTON CIRCUIT COURT
The Honorable Linley Pearson, Judge
Cause No. 12C01-1003-FC-062

**June 8, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Michael Kucholick (Kucholick), appeals his conviction and sentence for Count I, criminal recklessness, a Class C felony, Ind. Code § 35-42-2-2(b)(1) and Count II, criminal mischief, a Class B misdemeanor, I.C. § 35-43-1-2(a)(1).

We affirm in part, reverse in part, and remand.

## ISSUES

Kucholick raises two issues for review on appeal, which we restate as:

(1) Whether the evidence was sufficient to convict Kucholick of criminal recklessness and criminal mischief beyond a reasonable doubt; and

(2) Whether Kucholick's sentence is inappropriate in light of the nature of his offenses and his character.

## FACTS AND PROCEDURAL HISTORY

On March 3, 2010, David Lawler (Lawler) was at home, a two-story farmhouse surrounded by open fields on County Road 900 East in Kirklin, Indiana. Lawler heard a truck driving past his home several times. Lawler looked out his window and saw the truck pulling around behind grain bins located off to the side of his house. Lawler observed the truck sitting there with its lights and ignition turned off. After seeing a silhouette, Lawler got his rifle and fired a warning shot into the air outside the back door. Lawler waited a few minutes, and then called 911.

While on the phone with the 911 dispatch operator, Lawler saw someone reenter the truck, then drive away. The truck turned around and headed back towards Lawler's

2

house, slowing down. Lawler left the house to find a flashlight to identify the truck's license plate. The driver fired two shots from a pistol and then drove away. Although Lawler did not see the gun, he saw the flash from the gun's muzzle coming from the truck's window. Lawler told the operator that he recognized the truck as belonging to Mindy Oliver's (Oliver) father and that the people in the truck were probably Oliver and her boyfriend, Kucholick, whom Lawler had never met. Lawler also told the dispatch operator that he had recently collected a judgment of $2500 from Oliver for unpaid rent.

Police were soon dispatched to Lawler's house and Lawler remained on the phone. The police located a rifle shell at the back of his house. A nine millimeter bullet casing was found near Lawler's mailbox on County Road 900 East. Two bullet holes were found in and around the side door to Lawler's home. The first bullet had passed through the screen door and into the side door; the other bullet was found lodged in the home's siding. The police retrieved only one of the bullets. The police also found tire tracks near the grain bins.

The police went to Oliver's home and identified a truck that matched the description given by Lawler. The truck's tires matched tracks found around Lawler's home. Kucholick, Oliver's boyfriend, and Oliver were both at home. Both Kucholick and Oliver denied visiting Lawler's home. Kucholick admitted that he owned a nine millimeter pistol, but told police that the pistol was at his father's home. The police traveled with Kucholick to his father's home and obtained the pistol, but not the magazine.

3

On March 5, 2010, Kucholick met with an investigator at the police station. Kucholick admitted that he had lied to police on the night of the shooting. In particular, Kucholick explained that he had driven with Oliver to Lawler's home to see if Lawler's wife was there. After being fired upon by Lawler, Kucholick fired two shots in the air and heard three to five more shots as he drove off. Kucholick also admitted that the pistol had been at Oliver's home, but he secretly retrieved it to take with him to his father's house during police questioning.

On March 10, 2010, the State charged Kucholick with Count I, criminal recklessness, a Class C felony, I.C. § 35-42-2-2(b)(1); and Count II, criminal mischief, a Class B misdemeanor, I.C. § 35-43-1-2(a)(1). On January 25 and 26, 2011, a jury trial was held. The jury found Kucholick guilty as charged. On August 29, 2011, Kucholick was sentenced to seven years' incarceration at the Department of Correction on Count I, with three years suspended, and 180 days incarceration on Count II, with both Counts to run concurrently.

Kucholick now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Sufficiency of the Evidence*

Kucholick contends that there was insufficient evidence to support his conviction on both Counts. Our standard of review for sufficiency of the evidence claims is well-established. We do not reweigh the evidence or judge the credibility of the witnesses. *Perez v. State*, 872 N.E.2d 208, 212-13 (Ind. Ct. App. 2007), *trans. denied*. Only that

4

evidence which is most favorable to the verdict as well as reasonable inferences drawn therefrom will be considered. *Id*. at 213. We will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id*. We will reverse only if reasonable persons could not form inferences for each material element of the crime. *Id*. Circumstantial evidence by itself is sufficient to support a conviction. *Id.*

To convict Kucholick of criminal recklessness, the State was required to prove beyond a reasonable doubt that he recklessly, knowingly, or intentionally performed an act that created a substantial risk of bodily injury to another person. I.C. § 35-42-2-2(b)(1). If a deadly weapon was used to commit that act, the offense is a Class C felony. I.C. § 35-42-2-2(c)(2)(A). To convict Kucholick of criminal mischief, the State was required to prove beyond a reasonable doubt that Kucholick (1) recklessly, knowingly, or intentionally; (2) damaged or defaced another person's property; (3) without such person's consent. I.C. § 35-43-1-2(a)(1).

On appeal, Kucholick argues that the evidence was insufficient to prove that the bullets fired at Lawler's home were from his nine millimeter pistol. Although the police retrieved a nine millimeter bullet from Lawler's home, the police did not order ballistic testing. Without ballistic testing, Kucholick argues that the State failed to provide "solid evidence to link the retrieved bullet to Kucholick's gun." (Appellant's Br. p. 10). We disagree.

It is well established that "circumstantial evidence will be deemed sufficient if inferences may reasonably be drawn that enable the trier of fact to find the defendant guilty beyond a reasonable doubt." *Green v. State*, 808 N.E.2d 137, 138 (Ind. Ct. App. 2004). Here, the State presented sufficient circumstantial evidence allowing the jury to draw a reasonable inference that Kucholick shot two bullets from his nine millimeter pistol at Lawler's home. Kucholick admitted to driving past Lawler's home and firing two shots from his nine millimeter pistol. Lawler's 911 call was recorded and memorialized the sound of bullets fired at his home. Nine millimeter bullets were found in the side doors and siding of Lawler's home. We find this circumstantial evidence sufficient to allow a reasonable inference that Kucholick fired those shots. Although Kucholick's defense focused on the lack of ballistic testing, the jury weighed the evidence and found this omission inconsequential. Thus, Kucholick's argument is merely an invitation to reweigh the evidence, which we decline to do on appeal. *Perez*, 872 N.E.2d at 212-13. We therefore conclude that Kucholick has not shown the existence of insufficient evidence to disturb his conviction.

## II. *Appropriateness of the Sentence*

Kucholick also challenges his sentence as inappropriate in light of the nature of the offense and his character. Specifically, he requests this court to reduce his sentence to no more than four years, with two years suspended to probation and the remainder served through community corrections.

Kucholick was convicted of criminal recklessness, a Class C felony, and criminal mischief, a Class B misdemeanor. A sentence for a Class C felony ranges from two to eight years, with an advisory sentence of four years. I.C. § 35-50-2-6(a). The maximum sentence for a Class B misdemeanor is six months. I.C. § 35-50-3-3. The trial court sentenced Kucholick to seven years executed and three years suspended to probation on the Class C felony as well as a concurrent sentence of six months on the Class B misdemeanor. The trial court thus imposed an aggregate sentence three years greater than the advisory sentence for a Class C felony.

Sentences within the statutory range are subject to review only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* Under Ind. Appellate Rule 7(B), we may revise a sentence authorized by statute if we find that it is inappropriate in light of the nature of the offense and the character of the offender. *Id.* However, it is the defendant's burden to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

As the trial court expressed during Kucholick's sentencing, we note the recklessness of his actions. The risk that Lawler or someone inside Lawler's home could have been hit by gunfire cannot be ignored. Thus, the nature of the offense, by itself, does not provide a persuasive reason to revise Kucholick's sentence.

7

On the other hand, Kucholick's character presents an arguable case for a lesser sentence. He argues that imprisonment would deprive him of the opportunity to support his family, which includes Oliver and their new-born child. Kucholick also points to his relatively youthful age, his prior success with obtaining employment, and his lack of criminal history, save a conviction for illegal consumption of alcohol. In contrast, the State points to Kucholick's deception of police officers, the partial cancellation of the first trial day based upon the presence of residual alcohol in his system, and his apparent lack of remorse.

While Kucholick's lack of truthfulness and the recklessness of his criminal act would ordinarily not persuade us to revise his sentence, the combination of his age, his professed commitment to support his family, and his desire to be a father to his new born daughter, weigh in favor of giving him a chance to prove such commitment. We therefore reduce his sentence to the advisory sentence of four years, of which two years will be suspended to probation and two years will be executed at community corrections.

<u>CONCLUSION</u>

Based on the foregoing, we find that there was sufficient evidence from which the jury could conclude that Kucholick fired shots at Lawler's residence. However, we find Kucholick's sentence to be inappropriate in light of his character.

Affirmed in part, reversed in part, and remanded.

DARDEN, J. concurs

NAJAM, J. concurs in part and dissents in part with separate opinion

8

# IN THE
# COURT OF APPEALS OF INDIANA

MICHAEL KUCHOLICK,     )
                )
 Appellant-Defendant,   )
                )
    vs.        )   No. 12A02-1109-CR-907
                )
STATE OF INDIANA,     )
                )
 Appellee-Plaintiff.    )

**NAJAM, Judge, concurring in part and dissenting in part.**

I concur in the majority's conclusion that the trial court imposed an inappropriate sentence in light of the nature of the offense and Kucholick's character. <u>See</u> Ind. Appellate Rule 7(B). I disagree with my colleagues, however, on their decision to revise Kucholick's sentence from seven years, with three years suspended, to four years, with two years suspended to probation and two years executed at community corrections. Instead, I would vote to impose an executed term of four years, the advisory sentence for Kucholick's criminal recklessness.

The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. Abbott v. State, 961 N.E.2d 1016, 1019 (Ind. 2012). The advisory sentence for a Class C felony is four years. Ind. Code § 35-50-2-6. And to prove criminal recklessness, as a Class C felony, the State had to show that Kucholick, by shooting a firearm into an inhabited dwelling, intentionally performed an act that created a substantial risk of bodily injury to another person. I.C. § 35-42-2-2(b)(1), (c)(3)(A).

The nature of Kucholick's offense closely corresponds to the elements of the crime. While trespassing onto Lawler's property, Kucholick fired two shots towards Lawler's house, which was occupied and where Lawler was standing. Kucholick's conduct was intentional. Both shots hit the house.

The majority bases Kucholick's new sentence on his "arguable" character. Slip op. at 8. But the majority recognizes that Kucholick deceived police officers during their investigation and did not accept responsibility for his actions. Kucholick also was underage and had consumed alcohol prior to the offense. I would find Kucholick's character equivocal and not in itself substantial enough to warrant an executed term less than the advisory sentence.

Accordingly, I concur in part and dissent in part.