**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jul 31 2014, 8:51 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK OLIVERO**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RONALD WILLIAMS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1311-CR-451 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D06-1304-MR-4

**July 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

A jury found Ronald Williams guilty of murder. The trial court sentenced Williams to an executed term of sixty-five years. On appeal, Williams claims that the evidence was not sufficient to support his conviction. He also claims that the trial court abused its discretion at sentencing in not finding certain mitigating factors and that his sentence is inappropriate given the nature of the offense and his character. We affirm.

## Facts and Procedural History

The facts most favorable to the jury's verdict are as follows. On March 14, 2013, Williams and some of his friends went to an Allen County social club, where they were searched for weapons before they could enter. After the club closed, Williams drove some friends home. In the car were Carolyn Bolden, Trisha VanCamp, Dexter King, Quintella Payne, and Mark Young. Williams first dropped Payne and King at their home. Williams asked who wanted to be dropped off next. Young replied that he wanted to be taken to Eden Green. Williams stated that he did not want to drive there because it was 3:00 a.m. and there were police in the area. Williams and Young got into an argument, which escalated as to which one of them had more "street credit [sic]." Trial Tr. at 158. Williams stopped the car in front of a house and entered it. Upon his return, Williams had his hand in his pocket and drove off. Young stated that he was not scared and that he could shoot Williams in the back of the head. VanCamp reminded Williams that he knew that Young did not have a gun. Williams continued to argue with Young and took a handgun out of his pocket. Williams stopped the car, and Bolden escaped and began to run. Williams and Young stepped out of

2

the car and continued to argue. Williams pointed the gun at Young's chin and chest area. VanCamp exited the car and began to run. As she was running, she heard "five, six, seven" shots. *Id*. at 168. Bolden heard "more than three or four" shots. *Id*. at 208.

Arturo Cruz lived near where Williams had stopped the car. Cruz noticed two men near the car and saw one shoot the other. After the victim fell to the ground, the shooter continued to shoot him. The shooter then drove away. Cruz called the police. When police arrived they found Young lying in the road with multiple gunshot wounds, from which he died. The autopsy showed that Young suffered from a wound behind his left ear, a wound to his right ear, a wound to his lower abdomen, a wound to his left groin, and wounds to his right and left legs.

The State charged Williams with murder. A jury found him guilty as charged. The trial court sentenced Williams to an executed term of sixty-five years. He now appeals his conviction and sentence.

**Discussion and Decision**

**Section 1 – Sufficiency of Evidence**

Williams contends that there was not sufficient evidence to support the jury's verdict. In determining the sufficiency of evidence,

> [w]e do not reweigh the evidence or assess the credibility of the witnesses. Rather we look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the conviction if there is probative evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Circumstantial evidence alone may support a conviction.

*Green v. State,* 808 N.E.2d 137, 138 (Ind. Ct. App. 2004) (citations omitted).

The gist of Williams's argument is that the State failed to prove beyond a reasonable doubt that he was the person who murdered Young. Here, VanCamp and Bolden testified that Williams was involved in a heated argument with Young and that Williams brandished a gun. VanCamp stated that she saw Williams point the gun at Young's chin and chest before she ran. As she was running, VanCamp heard "five, six, seven" shots. Trial Tr. at 168. Bolden also heard "more than three or four" shots. *Id.* at 208. Cruz testified that he saw two men near a car and saw one man shoot the other multiple times, enter the car, and drive away. This evidence is more than sufficient to establish that Williams murdered Young. Therefore, we affirm his conviction.

### Section 2.1 – Sentencing/Abuse of Discretion

Williams contends that the trial court abused its discretion in imposing a sixty-five year sentence. His main argument is that the trial court failed to credit mitigating factors that he raised at sentencing. As long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Sharkey v. State*, 967 N.E.2d 1074, 1078 (Ind. Ct. App. 2012). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Anglemyer v. State*, 868 N.E.2d 482, 493 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218. "When a defendant offers evidence of mitigators, the trial court has the discretion to determine whether the factors are mitigating,

4

and it is not required to explain why it does not find the proffered factors to be mitigating." *Johnson v. State*, 855 N.E.2d 1014, 1016 (Ind. Ct. App. 2006), *trans. denied* (2007).

Williams argues that the trial court overlooked several mitigating factors. First, he notes that many people submitted letters on his behalf regarding his good character and contends that they should have been considered as a mitigating factor. At the hearing, the trial court acknowledged having received numerous letters of support for Williams. The trial court, however, did not find them to be a mitigating circumstance, which was within its discretion in light of Williams's brutal and senseless murder of Young.

Next, Williams contends that the trial court should have found that an extended sentence would impose an undue hardship on his children as a mitigating factor. However, a sentencing court is not required to find that a defendant's incarceration would result in undue hardship on his dependents. *Weaver v. State*, 845 N.E.2d 1066, 1074 (Ind. Ct. App. 2006). This being a murder offense, the difference between the minimum sentence and the maximum sentence "hardly can be argued to impose much, if any, additional hardship on the child." *Abel v. State*, 773 N.E.2d 276, 280 (Ind. 2002). Therefore, we find no abuse of discretion.

Lastly, Williams argues that he acted under a strong provocation, which was not considered by the trial court to be a mitigating factor. However, we note that Williams did not specifically raise this as a mitigator at sentencing, and therefore it is waived. *Pennington v. State*, 821 N.E.2d 899, 905 (Ind. Ct. App. 2005).

**Section 2.2 – Sentencing/Appropriateness**

Even if a trial court does not abuse its discretion in determining a sentence, we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). Whether a sentence is appropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2009). Williams has the burden to establish that his sentence is inappropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012).

Regarding the nature of the offense, "the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Anglemyer*, 868 N.E.2d at 494. The advisory sentence for murder is fifty-five years, with a range between forty-five and sixty-five years. Ind. Code § 35-50-2-3. We conclude that the circumstances surrounding the killing and its cruel nature justified the maximum sentence. We agree with the trial court that Young's murder was "senseless" and "absolutely stupid." Sentencing Tr. at 36. Williams murdered the unarmed Young over an argument about "street credit" [sic] Trial Tr. at 158. We also find it disturbing that Williams shot Young multiple times after he had fallen.

Regarding Williams's character, we acknowledge that there were numerous letters submitted regarding his good character. However, Williams has been convicted of two prior felonies and three misdemeanors. He has committed crimes in multiple states and also had

6

his probation revoked. His murder of an unarmed man over street credit [sic] does not reflect well on his character. Williams has failed to carry his burden to establish that his sentence is inappropriate. Therefore, we affirm his sentence.

Affirmed.

RILEY, J., and MATHIAS, J., concur.