**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Sep 12 2014, 6:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STANLEY L. CAMPBELL**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

BERNARD FORD,                            )
                                         )
   Appellant-Defendant,             )
                                         )
       vs.                      )    No. 02A03-1401-CR-15
                                         )
STATE OF INDIANA,                        )
                                         )
   Appellee-Plaintiff.              )

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1306-FD-732

**September 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Following a jury trial, Bernard Ford was convicted of criminal recklessness as a Class D felony.[1] Ford now appeals, arguing that the State failed to present sufficient evidence to rebut his claim of self-defense. We affirm.

## FACTS AND PROCEDURAL HISTORY

Around midday on June 25, 2013, Bernard Ford was sitting on a park bench in Freimann Square in Fort Wayne. Marcus Mickles, who Ford knew, approached and moved Ford's bag from an adjacent bench so that Mickles could have a dry bench spot to sit upon. After Mickles moved Ford's bag, Ford became agitated. A verbal altercation ensued. Ford then lunged at Mickles, striking Mickles above his left eye. Mickles grabbed Ford in an attempt to restrain him. The two men went to the ground with Mickles on top of Ford. Ford retrieved a knife and stabbed Mickles approximately sixteen times in the back.

Two women seated nearby saw Ford throw the first punch at Mickles. One of them alerted the authorities. Ford left the square but was apprehended two blocks away. Mickles suffered stab wounds and a collapsed lung.

The State charged Ford with Class D felony criminal recklessness and Class A misdemeanor battery. Following a jury trial, Ford was convicted of both charges. The trial court entered judgment of conviction for the criminal recklessness conviction only and sentenced Ford to three years of imprisonment. Additional facts will be added as necessary.

---

[1] *See* Ind. Code § 35-42-2-2. We note that, effective July 1, 2014, a new version of the criminal reckless statute was enacted. Although the substance of the statute remained the same, we note that we are applying the version of the statute in effect at the time of Ford's offense.

**DISCUSSION AND DECISION**

Ford argues on appeal that the State failed to rebut the self-defense evidence he presented at trial. Our standard of reviewing claims of sufficiency of the evidence is well settled. When reviewing the sufficiency of the evidence, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or assess witness credibility. *Id*. We consider conflicting evidence most favorable to the trial court's ruling. *Id*. We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id*. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id*.

> The State charged Ford with criminal recklessness in relevant part as follows:
>
> Bernard Ford, did while armed with a deadly weapon, to wit: a knife, recklessly, knowingly, or intentionally perform an act which act created a substantial risk of bodily injury to another person, to wit: Marcus Mickles, by swinging or thrusting said knife at or against the body of Marcus Mickles.

*Appellant's App*. at 8. The evidence most favorable to the jury's verdict is that Ford and Mickles were in a verbal altercation which turned physical when Ford punched Mickles above the left eye. The men fought on the ground, and Ford stabbed Mickles repeatedly, causing him life-threatening wounds, including a collapsed lung. We find this evidence to be sufficient to support the jury's conclusion that Ford committed criminal recklessness against Mickles. Indeed, criminal recklessness convictions have been sustained for acts far less egregious than those before us. *See Hall v. State*, 831 N.E.2d 823, 827 (Ind. Ct.

3

App. 2005) (affirming conviction for criminal recklessness where Hall simply swung a knife in close proximity to victim and attempted to stab her), *vacated in part on reh'g, trans. denied*.

However, Ford raised a claim of self-defense at trial, which he now argues the State failed to rebut. When a defendant raises a claim of self-defense, he is required to show three facts: (1) he was in a place where he had a right to be; (2) he acted without fault; and (3) he had reasonable fear of death or serious bodily harm. *McCullough v. State*, 985 N.E.2d 1135, 1138 (Ind. Ct. App. 2013) (citing *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000)), *trans. denied*. The State must then disprove one of the elements beyond a reasonable doubt. *Id*. (citation omitted). We review claims of self-defense using the same standard as any sufficiency of the evidence claim. *Id*. (citing *Wilson v. State*, 770 N.E.2d 799, 800-01 (Ind. 2000)).

Here, the State presented the testimony of Mickles and two other eye-witnesses who all said that Ford threw the first punch. Thus, the evidence most favorable to Ford's conviction is that he was the instigator of the fight. As a general proposition, a defendant who is the initial aggressor may not claim self-defense, as he does not act without fault. *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999) (citations omitted). Because we find that the State disproved one element of Ford's claim of self-defense, we do not reach Ford's other claims that he had a reasonable fear of serious bodily harm and that he used appropriate force to defend himself.

Affirmed.

BAKER, J., and ROBB, J., concur.

4