SAVE THE VALLEY, INC., Hoosier Environmental Council, Inc., and Citizens Action Coalition of Indiana, Inc., Appellants–Respondents–Defendants,

v.

INDIANA–KENTUCKY ELECTRIC CORPORATION, Appellee–Petitioner–Plaintiff,

Indiana Department of Environmental Management, Appellee–Petitioner.

No. 49A04–0312–CV–610.

Court of Appeals of Indiana.

March 31, 2005.

Michael A. Mullett, Mullett Polk & Associates, LLC, Indianapolis, IN, Attorney for Appellants.

Howard A. Learner, Shannon Fisk, Environmental Law and Policy Center, Chicago, IL, William R. Groth, Fillenwarth Dennerline Groth & Towe, Indianapolis, IN, Attorneys for Amicus Curiae.

Anthony C. Sullivan, Bryan G. Tabler, Barnes & Thornburg, LLP, Indianapolis, IN, Attorneys for Appellee, Indiana–Kentucky Electric Corporation.

Steve Carter, Attorney General of Indiana, Joby Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee, Indiana Department of Environmental Management.

## OPINION ON REHEARING

BARNES, Judge.

We grant the Appellees' petitions for rehearing; however, we affirm our opinion in all regards. We issue this opinion on rehearing to address an argument raised by IKEC for the first time in its petition for rehearing and to clarify the issue of the trial court's subject matter jurisdiction.

IKEC argues in its petition for rehearing, "OEA did not have before it a petition meeting the requirements of the Statute within the 15–day deadline and thus did not acquire jurisdiction over the case." IKEC's Petition for Rehearing p. 12. It does not appear, however, that IKEC made this argument in its appellate brief. Any question that has not been argued in the briefs on appeal cannot be raised for the first time in a petition for rehearing. *Holmes v. AC&S, Inc.*, 711 N.E.2d 1289, 1290 (Ind.Ct.App.1999), *trans. denied.* The petition is to be confined to those issues that were properly presented in the initial appeal and which were overlooked or improperly decided. *Id.* at 1291. Accordingly, IKEC waives this issue.

IKEC also asserts that the trial court had subject matter jurisdiction for a number of reasons that were not addressed in our opinion. To the contrary, however, because the Appellants had associational standing to seek administrative review and the OEA had jurisdiction over the case, it necessarily follows that the trial court was without subject matter jurisdiction and that the Appellees must comply with AOPA procedures for seeking judicial review.

NAJAM, J., and SULLIVAN, J., concur.