James W. **HALL**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0411–CR–946.

Court of Appeals of Indiana.

Nov. 14, 2005.

Kurt A. Young, Nashville, for Appellant.

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Depu-

ty Attorney General, Indianapolis, for Appellees.

## OPINION ON REHEARING

NAJAM, Judge.

The State has filed a petition for rehearing asserting that we erred when we reversed Hall's conviction for intimidation, as a Class C felony, and remanded and instructed the trial court to enter judgment of conviction for intimidation, as a Class A misdemeanor. *See Hall v. State,* 831 N.E.2d 823 (Ind.Ct.App.2005). We grant the State's petition for rehearing and agree that the State presented sufficient evidence to support Hall's conviction for intimidation, as a Class C felony. Thus, we vacate that part of our opinion in *Hall* regarding the intimidation conviction, affirm Hall's conviction for intimidation, as a Class C felony, and reaffirm our opinion in all other respects.

In *Hall,* we held that because Hall did not have actual possession of a deadly weapon when he threatened to kill Terreia Jimison, his conviction for intimidation as a Class C felony could not stand. Thus, we instructed the trial court to enter judgment of conviction for intimidation as a Class A misdemeanor, which does not require that the perpetrator draw or use a deadly weapon. In its petition for rehearing, the State contends that because Hall drew a knife immediately after he threatened to kill Jimison, that action satisfied the "while committing" requirement of Indiana Code Section 35–45–2–1(b)(2).

In his brief on appeal, Hall asserted that "[i]f he did not draw or use a deadly weapon at the time the threat was made,

no Class C felony offense was committed." Brief of Appellant at 9. The State, however, wholly failed to address this issue, much less to make an argument, in its original brief on appeal. This court will not undertake the burden of developing an argument on behalf of a party on appeal. *See, e.g., Hubbard v. Hubbard,* 690 N.E.2d 1219, 1220 (Ind.Ct.App.1998). Nonetheless, because it is our duty to decide cases correctly, and because this issue was raised by Hall and is properly before us, we have granted rehearing to consider the State's belated argument.[1]

In its brief on rehearing, the State relies on our supreme court's opinion in *Davis v. State,* 477 N.E.2d 889, 894 (Ind.1985), *cert. denied,* 474 U.S. 1014, 106 S.Ct. 546, 88 L.Ed.2d 475 (1985), where the court noted that, in the context of the death penalty statute, the term " 'while' . . . clearly implies a continuity of action over a span of time." In particular, our supreme court stated:

> Although we have not previously considered [the word "while"] as it is used in the death penalty statute, we have repeatedly found that the phrase "while committing" denotes a continuing chain of events under our felony-murder statute. In other words, when there is a *close proximity in terms of time and distance* between the underlying felony and the homicide and there is *no break in the chain of events* from the inception of the felony to the time of the homicide, *we treat the two events as part of one continuous transaction.*

*Id.* (emphases added).

Here, Indiana Code Section 35–45–2–1(b)(2) provides that intimidation is a Class

---

1. Of course, any question that has not been argued in the briefs on appeal cannot be raised for the first time in a petition for rehearing. *Save Valley, Inc. v. Indiana–Kentucky Elec. Corp.,* 824 N.E.2d 776, 776 (Ind.Ct.App.2005), *trans. denied.* But, while the State did not present any argument on the issue presented here, Hall did raise the issue in his brief on appeal. Thus, the issue is properly before us on rehearing.

C felony "if, while committing it, the person draws or uses a deadly weapon." Because Hall drew a knife immediately after he threatened to kill Jimison, without any break in the chain of events, we conclude that the threat and the wielding of the knife were part of one continuous transaction. Thus, we hold that the evidence is sufficient to prove that Hall drew a knife while committing intimidation against Jimison, which supports his conviction as a Class C felony.[2] We remand with instructions to the trial court to reinstate Hall's conviction for intimidation, as a Class C felony.

With the foregoing correction, we reaffirm our opinion in all other respects.

SULLIVAN, J., and RILEY, J., concur.

2. The evidence shows that Hall made two subsequent threats to kill Jimison, one while pointing a pair of scissors at Jimison and the other while holding a broken plate. While Hall's intimidation conviction could have been sustained on that evidence, the information charged Hall for the threat he made while holding the knife.