**Jaimen SCRUGGS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0709–CR–788.

Court of Appeals of Indiana.

March 26, 2008.

Rehearing Denied June 6, 2008.

Chris P. Frazier, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Joseph Robert Delamater, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Jaimen Scruggs appeals her conviction for Neglect of a Dependent, as a Class A misdemeanor, following a bench trial. She presents a single issue for our review, namely, whether the State presented sufficient evidence to support her conviction.

We reverse.

### FACTS AND PROCEDURAL HISTORY

On March 6, 2007, at approximately 9:00 a.m., Scruggs left her seven-year-old son, M.H., home alone while she ran an errand. She had taken her three-year-old son to day care that morning, but she left M.H. home from day care because he was sick.

When Scruggs arrived home at approximately 12:00 p.m. that day, she could not find M.H., and she noticed that his coat and shoes were gone. Scruggs spent approximately forty minutes on the phone calling several relatives hoping to find M.H. When she still had not found him, Scruggs telephoned the police.

Police officers arrived at Scruggs' residence and searched the immediate area looking for M.H. At some point, Scruggs informed the officers that she had discovered that M.H. was safe with her boyfriend's uncle ("the Uncle"). The Uncle brought M.H. home, and the officers observed that M.H. appeared to be fine.

The State charged Scruggs with neglect of a dependent, as a Class D felony. During the bench trial, the State did not present any evidence as to how long M.H. was home alone before he came under the Uncle's care or how M.H. ended up with the Uncle.[1] Scruggs moved for a directed verdict, but the trial court denied that motion. At the conclusion of trial, the trial court took the matter under advisement and asked counsel for both Scruggs and the State to provide relevant case law for the court's review. The trial court ultimately found Scruggs guilty of neglect of a dependent, as a Class A misdemeanor. This appeal ensued.

## DISCUSSION AND DECISION

■ In *Hall v. State*, 831 N.E.2d 823, 825 (Ind.Ct.App.2005), *aff'd in relevant part on reh'g*, 837 N.E.2d 159 (Ind.Ct.App. 2005), *trans. denied*, we set out our standard of review in cases challenging the sufficiency of evidence:

In addressing [a defendant's] claims that the evidence was insufficient to support

his convictions, we neither reweigh the evidence nor assess the credibility of the witnesses. *Lawson v. State*, 803 N.E.2d 237, 241 (Ind.Ct.App.2004), *trans. denied*. Rather, we look to the evidence most favorable to the judgment and the reasonable inferences therefrom. *See id.* While we seldom reverse for insufficient evidence, in every case where that issue is raised on appeal we have an affirmative duty to make certain that the proof at trial was, in fact, sufficient to support the judgment beyond a reasonable doubt. *See Bunting v. State*, 731 N.E.2d 31, 35 (Ind.Ct.App.2000), *trans. denied*. The Due Process Clause of the United States Constitution protects an accused against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *B.K.C. v. State*, 781 N.E.2d 1157, 1163 (Ind.Ct. App.2003) (quoting *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)).

Indiana Code Section 35–46–1–4 provides in relevant part that a person having the care of a dependent who knowingly or intentionally places the dependent in a situation that endangers the dependent's life or health commits neglect of a dependent, as a Class D felony.[2] A former version of the statute prohibited placing the dependent in a situation that "may" endanger the dependent's life or health. *See Gross v. State*, 817 N.E.2d 306, 308 (Ind.Ct.App. 2004). Addressing a challenge to the constitutionality of that version of the statute, our Supreme Court read the word "may" out of the statute to render it constitutional, and the legislature subsequently implemented that change in the statute. *See*

---

1. There is no evidence whether M.H. left the house on his own and made his way to the Uncle's house, or whether the Uncle picked up M.H. at Scruggs' residence.

2. The trial court reduced Scruggs' conviction to a Class A misdemeanor.

*State v. Downey,* 476 N.E.2d 121, 123 (Ind. 1985). And the Court held that Indiana Code Section 35–46–1–4 "must be read as applying only to situations that expose a dependent to an 'actual and appreciable' danger to life or health." *Gross,* 817 N.E.2d at 309 (quoting *Downey,* 476 N.E.2d at 123).

■ In *Gross,* we observed:

It seems clear that to be an "actual and appreciable" danger for purposes of the neglect statute when children are concerned, the child must be exposed to some risk of physical or mental harm that goes *substantially beyond the normal risk* of bumps, bruises, or even worse that accompany the activities of the average child. This is consistent with a "knowing" mens rea, which requires *subjective awareness of a "high probability"* that a dependent has been placed in a dangerous situation, not just any probability.

817 N.E.2d at 309 (emphases added). "Because such a finding requires one to resort to inferential reasoning to ascertain the defendant's mental state, the appellate courts must look to all the surrounding circumstances of a case to determine if a guilty verdict is proper." *McMichael v. State,* 471 N.E.2d 726, 731 (Ind.Ct.App. 1984), *trans. denied.*

Here, the evidence shows that Scruggs knowingly left M.H. home alone for up to approximately three hours.[3] She testified that M.H. knew "not to mess with the stove or open the door or anything." Transcript at 21. And the State did not present any evidence to contradict Scruggs' characterization of M.H. as being responsible enough to be left alone for a short time. While M.H. is young, there is no evidence of other circumstances to sup-

port an inference that Scruggs had, as required by the statute, a subjective awareness of a "high probability" that M.H. was placed in a dangerous situation when she left him home alone. *See id.; but see Thames v. State,* 653 N.E.2d 517, 517 (Ind.Ct.App.1995) (affirming Class D felony conviction for neglect of a dependent where caretaker left five-year-old girl home alone and she was later found "wandering the street").

A conviction on the scant evidence presented in this case would amount to a per se rule that merely leaving a seven-year-old child home alone for any period of time constitutes neglect of a dependent, as a Class D felony. We do not read the statute and relevant case law to support that result. It is true that "[l]aw enforcement officials need not await actual loss of life, limb or property, but may intervene where conduct is sufficient to warrant belief that ... [a] harmful consequence will ensue." *Downey,* 476 N.E.2d at 123. As we observed in *Gross,* "[t]here is admittedly a fine line between properly exercising the police power to protect dependents and improperly subjecting every mistake a parent may make in raising his or her child to prosecutorial scrutiny." 817 N.E.2d at 311. Here, Scruggs may have demonstrated bad judgment, but, again, the State has not proved beyond a reasonable doubt that she had a subjective awareness of a high probability that she had placed M.H. in a dangerous situation. *See, e.g., Moore v. State,* 845 N.E.2d 225, 229 (Ind.Ct.App.2006) (observing "negligence in the State of Indiana is not a criminal act" and holding State did not present a "shred of evidence" on required mens rea), *trans. denied.* We agree with the trial court that this is a close case, but the State bore the risk of nonpersuasion

---

**3.** Again, there is no evidence regarding what time M.H. came under the Uncle's care.

M.H. might have been alone for five minutes or three hours.

and has failed to prove the mens rea element of the crime. *See Martin v. Ohio,* 480 U.S. 228, 238, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987). We reverse Scruggs' conviction.

Reversed.

BAILEY, J., and CRONE, J., concur.