**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Apr 15 2014, 6:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL G. MOORE**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| TAMMY CARTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1309-CR-752 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Christina Klineman, Judge Pro Tempore
Cause No. 49G05-1208-FD-52048

**April 15, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Tammy Carter (Carter), appeals her conviction for two Counts of neglect of a dependent, Class D felonies, Ind. Code § 35-46-1-4.

We affirm.

## ISSUES

Carter raises two issue on appeal, which we restate as follows:

(1) Whether there was sufficient evidence to convict Carter of two Counts of neglect of a dependent, Class D felonies; and

(2) Whether there was a variance between the State's charging information and the evidence presented at trial.

## FACTS AND PROCEDURAL HISTORY

On July 3, 2012, Carter received a phone call from her sister informing her that a fight was "about to go down" between her niece and another girl, at Ben Davis High School Ball Park (Ball Park) in Indianapolis, Indiana. (Exhibit p. 12). Carter picked up her two children, M.S., age ten, and D.C., age sixteen (the Children), and drove to the Ball Park. When Carter arrived at the Ball Park, she exited her vehicle with the Children and walked over to watch the fight. Carter's niece and the other girl began fist-fighting, and the onlookers yelled in support of their participant. The fist-fight quickly degenerated into a gun battle. A total of five people were shot and one person was killed. The police were

called and an investigation ensued.  On July 12, 2012, Carter made a statement to the police, that on the night in question, she witnessed a man walk up from the crowd and he said, "[a]in't nobody gonna fuck with my sister" to which another man responded, "Oh yeah?"; and that is when the shooting started.  (Exhibit p. 13).

On August 1, 2012, the State filed a multiple defendant charging Information, charging Carter with two Counts of neglect of a dependent which stated as follows:

> Count VI
>
> [] Carter, on or about July 3, 2012, having the care of [M.S.], a dependent of ten (10) years of age, did knowingly place [M.S.] in a situation that did endanger the life or health of [M.S.], that is taking the child after midnight to a location where Carter knew that a fight would occur with firearms …
>
> Count VII
>
> [] Carter, on or about July 3, 2012, having the care of [D.C.], a dependent of sixteen (16) years of age, did knowingly place [D.C.] in a situation that did endanger the life or health of [D.C.], that is taking the child after midnight to a location where Carter knew that a fight would occur with firearms …

(Appellant's App. pp. 35-36).  The State also charged Carter with Count VIII, false informing, a Class A misdemeanor.  On June 26, 2013, Carter waived her right to a jury trial. On August 8, 2013, a bench trial was held.  The trial court subsequently found Carter guilty on both Counts of neglect of a dependent, but dismissed the false informing charge. On the same day, the trial court sentenced Carter to a concurrent sentence of 365 days on each Count, eighteen days executed and the balance of 347 days on each Count suspended.

Carter now appeals.  Additional information will be provided as necessary.

## DISCUSSION AND DECISION

3

## I. *Sufficiency of the Evidence*

Carter argues that the State failed to present sufficient evidence beyond reasonable doubt to support her conviction for two Counts of neglect of a dependent.

Our standard of review for sufficiency claims is well settled. When we review a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Parahams v. State*, 908 N.E.2d 689, 691 (Ind. Ct. App. 2009) (citing *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind. 2003)). We look only to the probative evidence supporting the judgment and the reasonable inferences therein to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id*. If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id*. It is the function of the trier of fact to resolve conflicts of testimony and to determine the weight of the evidence and the credibility of the witnesses. *Yowler v. State,* 894 N.E.2d 1000, 1002 (Ind. Ct. App. 2008).

Indiana Code section 35-46-1-4(a) provides, in relevant part, that a "person having the care of a dependent, whether assumed voluntarily or because of a legal obligation, who knowingly or intentionally: (1) places the dependent in a situation that endangers the dependent's life or health . . . commits neglect of a dependent, a Class D felony." Thus, in order to prove that Carter committed neglect of a dependent, the State was required to show that Carter had the Children in her care and that she knowingly placed the Children in a situation that endangered their lives or health.

Carter challenges sufficiency of the evidence that she "knowingly" took the Children to a location where two people were going to fight, and that she knew firearms would be present. We note that a person engages in conduct knowingly if, "when he engages in the conduct, he is aware of a high probability that he is doing so." I. C. § 35–41-2-2(b). Under the child neglect statute, a "knowing" *mens rea* requires a subjective awareness of a "high probability" that a dependent has been placed in a dangerous situation. *Scruggs v. State*, 883 N.E.2d 189, 191 (Ind. Ct. App. 2008). Because, in most cases, such a finding requires the fact-finder to infer the defendant's mental state, this court must look to all the surrounding circumstances of a case to determine if a guilty verdict is proper. *Id.*

Examining the evidence that is most favorable to the trial court's verdict and the reasonable inferences to be drawn therefrom and without reweighing the evidence, we conclude that sufficient evidence was presented at trial to convict Carter of the instant offenses. Instead of leaving the Children at home, Carter admitted that she took the Children to a fist-fight in the middle of the night. In her statement to the police, she stated that she was "from the projects "and she "knew that it was not gonna be a fair" fight. (Exhibit p. 26). Carter's statements that she knew how these fights ended, led the trial court come to a reasonable conclusion that she was aware of the dangers of taking the Children to such fight, and that there was a high probability firearms would be present. Because there was a high probability that there would have been firearms at the fight, there was a corresponding likelihood that these firearms would have been discharged.

Based on the foregoing, we find that there is sufficient evidence to support Carter's convictions of neglect of a dependent.

## II. *Variance*

Carter's second argument relates to a variance between the State's Information and the evidence admitted at trial. Specifically, Carter argues that the evidence did not establish that she knew firearms would be present at the fist-fight, and that "the additional language regarding the presence of the firearms is [superfluous] [and] not critical to the [charge] of neglect of a dependent." (Appellant's Br. p. 6).

We note that "[a] variance is an essential difference between the pleading and the proof." *Mitchem v. State,* 685 N.E.2d 671, 677 (Ind. 1997) (internal quotation marks omitted). "Not all variances between allegations in the charge and the evidence at the trial are fatal." *Id.* (internal quotation marks omitted). To ascertain whether a variance between the proof at trial and a charging information or indictment is fatal, we employ the following test:

> (1) was the defendant misled by the variance in the evidence from the allegations and specifications in the charge in the preparation and maintenance of his defense, and was he harmed or prejudiced thereby;

> (2) will the defendant be protected in the future criminal proceeding covering the same event, facts, and evidence against double jeopardy?

*Id.* (quoting *Harrison* v *State*, 507 N.E.2d 565, 566 (Ind. 1987)).

Generally, a contemporaneous objection is required to preserve an issue for appeal. *Rembusch v. State,* 836 N.E.2d 979, 982 (Ind. Ct. App. 2005), *trans. denied.* Carter failed

to object to the perceived variance during trial. As such, we deem the issue waived for lack of a timely objection.

Waiver notwithstanding, we find that there was no variance between the charging information and the evidence admitted at trial. The record in this case demonstrates that Carter's defense was not prejudiced by the charging information. Carter was well aware of the offenses that she was being charged with. Whether or not she knew that there would be firearms at the fist-fight, was duly established at trial. In her statement to the police, Carter admitted that by taking the Children to the fight, which escalated into a gun battle, she put the Children at the risk of being harmed. Also, Carter admitted that she knew these types of fights were not fair and could possibly deteriorate to something else. Looking at the evidence on record, the evidence established that Carter knew that there would be firearms at the fist-fight. Moreover, we do not view double jeopardy as an issue here. Accordingly, we hold that Carter was not misled in preparing her defense, nor was she harmed or prejudiced.

## CONCLUSION

Based on the foregoing, we conclude that (1) there was sufficient evidence to support Carter's conviction for neglect of a dependent, and (2) there was no variance between the State's Information and the evidence admitted at trial.

Affirmed.

ROBB, J. and BRADFORD, J. concur