## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 13 2015, 8:34 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tamika Williams, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | February 13, 2015 <br><br> Court of Appeals Case No. 49A02-1407-CR-490 <br><br> Appeal from the Marion Superior Court. <br> The Honorable Helen Marchal, Judge. <br> Cause No. 49G16-1209-FD-63868 |

**Baker, Judge.**

[1] Tamika Williams appeals her convictions for four counts of Neglect of a Dependent,[1] a class D felony. Williams argues that the trial court improperly instructed the jury by including an instruction that she did not wish to include and excluding other instructions that she did wish to include. Finding no error, we affirm.

## Facts

[2] On September 13, 2012, at about 6:30 p.m., Williams's neighbor, Chienne Peacock, looked towards Williams's house and noticed Williams's car pull away. A short while later, Peacock again looked towards Williams's house and noticed a child hanging out of the first-floor window. Peacock yelled at the child and the child retreated inside the house. Once the child was inside the house, all of the lights went out. Peacock sent her boyfriend to the house to check on the children, but no one answered when he knocked. Peacock was worried, so she called the police.

[3] Officer Samuel House arrived at Williams's house and knocked on the door. Officer House continued to knock until, eventually, eleven-year-old T.W. answered the door. Behind T.W., Officer House could see two four-year-old children running around. Officer House was then joined by Officer Justin

---

[1] Ind. Code § 35-46-1-4.

Callahan, who arrived while Officer House was still at the front door talking to T.W.

[4] While Officer House went across the street to talk to Peacock, Officer Callahan entered Williams's home to perform a safety check. Officer Callahan asked T.W. if any adults were home. T.W. informed him that no adults were home and that she did not have a phone to contact anyone. Officer Callahan then noticed a door with a chain lock towards the very top of it. He unlocked the door and found two two-year-old boys in the darkened room. He noticed that a window in the room was broken and that the hole was big enough for a child to fit through.

[5] When Officer House returned, the two officers moved all the children into the living room. Officer House then went to his car to contact a child abuse detective. Shortly thereafter, Williams returned home. She exited her car and angrily approached the house. "Why did you open the door?" she yelled at T.W. Tr. p. 182. Officer House approached Williams and told her to calm down but Williams continued to yell at T.W. Williams was arrested shortly thereafter.

[6] On September 14, 2012, the State charged Williams with four counts of class D felony neglect of a dependent. A jury trial was held on January 16, 2014. Williams did not testify at trial and both parties, along with the trial court, discussed instructing the jury to refrain from considering this fact in any way. When the trial court asked about two proposed instructions on the issue,

defense counsel responded: "I would prefer just taking out both of them if the court is fine with that." Tr. p. 333. The trial court then decided to include one of the instructions. The trial court also excluded three instructions tendered by Williams regarding the crime of neglect of a dependent.

[7] The jury found Williams guilty as charged. On June 20, 2014, the trial court sentenced Williams to four concurrent terms of 365 days with 359 days suspended. Williams now appeals.

## Discussion and Decision

[8] Williams claims that the trial court made multiple errors regarding jury instructions. Instructing the jury lies within the discretion of the trial court and we will reverse only when the instructions amount to an abuse of discretion. *Murray v. State*, 798 N.E.2d 895, 900 (Ind. Ct. App. 2003). The trial court abuses its discretion if it gives instructions that, taken as a whole, misstate the law or otherwise mislead the jury. *Id.*

[9] "The purpose of jury instructions is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict." *Id.* at 899. In reviewing a trial court's decision to give a tendered jury instruction, we consider (1) whether the instruction correctly states the law, (2) whether it is supported by the evidence in the record, and (3) whether it is not covered in substance by other instructions. *Id.* at 899-900.

[10] Williams first claims that the trial court erred by giving the following instruction: "No defendant can be compelled to testify. A defendant has no obligation to testify. The Defendant did not testify today. You must not consider this in any way." Appellant's App. p. 87. Williams claims that she objected to the inclusion of this instruction and that the trial court's decision to include it over her objection violated her rights under the Fifth Amendment to the United States Constitution.

[11] On the issue of instructions involving an accused's decision not to testify, our Supreme Court has held:

> If, as a trial tactic, the defense determines that such an instruction would assist its case, it may request the judge to so instruct. Furthermore, if the judge sua sponte offers to give the instruction, and the defense fails to object, the defense will be deemed to have consented to its submission. However, if the judge states his intention to submit the instruction and the defense does object, the giving of the instruction constitutes an invasion of Fifth Amendment rights and judicial error.

*Gross v. State*, 261 Ind. 489, 491-92, 306 N.E.2d 371, 372-73 (Ind. 1974).

[12] Here, the record shows that Williams failed to object to the inclusion of the instruction. The following exchange took place when both parties were discussing jury instructions with the trial court:

| Trial Court: | Okay, I want to give you an opportunity to look at those [jury instructions]. |
| State: | And so we are using the alternate and no defendant can be compelled to testify then? |
| Trial Court: | Yes. We are going to pull the one . . . had Ms. Williams testified . . . so we are going with no defendant may be |

compelled to testify.  She did not testify.  You must not consider that in any way.

Defense:    I would . . . I would prefer just taking out both of them if the court is fine with that. . . . I don't see the purpose of [] either one of these.

Trial Court:  Okay State's position?

State:        I will defer to the court.

Trial Court:  The court is going to leave that instruction in.

Tr. p. 332-33.

[13]    Although Williams contends that this statement constituted an objection, we disagree.  An objection to a jury instruction at trial must be "timely, clear, and specific, to inform the trial court of the claimed error, to afford an opportunity for timely correction and thus prevention of inadvertent error, and to facilitate appellate review."  *McGregor v. State*, 725 N.E.2d 840, 842 (Ind. 2000).

[14]    Here, although there was no error in the substance of the trial court's instruction, Williams had a Fifth Amendment right to have the instruction excluded if she so desired.  However, the objection needed to be stated clearly to alert the trial court that Williams wished to exercise her right.  Simply stating that one "would prefer just taking both of them out if the court is fine with that," does not accomplish this.  A mere indication of preference for one outcome is not an objection to all other outcomes.  Consequently, Williams has waived her argument on appeal by failing to object.

[15]    Moreover, we do not believe that Williams was prejudiced as a result of this instruction.  Errors in giving jury instructions are subject to a harmless error

analysis. *Randolph v. State*, 802 N.E.2d 1008, 1011 (Ind. Ct. App. 2004). "Errors in the giving or refusing of instructions are harmless where a conviction is clearly sustained by the evidence and the instruction would not likely have impacted the jury's verdict." *Id.* at 1013.

[16] Williams left her four young children, ages two and four, in the care of her eleven-year-old daughter. The two two-year-old children were left locked in a bedroom with a broken window. The lock was high enough that none of the children could have reached it. Williams's neighbor reported that she saw one of the children hanging out of a window. Furthermore, the children were left with no phone to contact anyone in case of emergency. Given this, we find that the instruction on Williams's decision not to testify was not likely to have impacted the jury's verdict.

[17] Williams next argues that the trial court erred in excluding three of her tendered jury instructions. Williams submitted the following three instructions regarding the elements of the offense:

1. The State must prove beyond a reasonable doubt that, Tamika Williams had a subjective awareness that there was a high probability the dependents were placed in actual and appreciable danger. Any probability of danger is insufficient to merit a conviction; there must be a high probability of danger. *Scruggs v. State*, 883 N.E.2d 189, 191 (Ind. Ct. App. 2008); *Gross v. State*, 817 N.E.2d 306, 309 (Ind. Ct. App. 2004).

2. The State must prove beyond a reasonable doubt that the dependents were in actual or appreciable danger to life or health that goes substantially beyond the normal risks inherent in childhood. *Gross v. State*, 817 N.E.2d 306, 309 (Ind. Ct. App. 2004).

> 3.      Merely leaving a child home alone for any amount of time does not constitute Neglect of a Dependent. *Scruggs v. State*, 883 N.E.2d 189, 191 (Ind. Ct. App. 2008).

Appellant's App. p. 82-84.

[18] The trial court considered including these instructions, but concluded that they were cumulative of other preliminary instructions. Preliminary Instruction No. 9 read as follows: A person engages in conduct "knowingly" if, when she engages in this conduct, she is aware of a high probability that she is doing so." Appellant's App. p. 70. And Preliminary Instruction No. 5 read as follows:

> Before you convict the Defendant, the State must have proved each of the following beyond a reasonable doubt:
> 1.      The Defendant
> 2.      Knowingly or intentionally
> 3.      Placed [the child] in a situation that actually and appreciably endangered [the child's] life or health . . .

Appellant's App. p. 66. The trial court believed that these instructions contained essentially the same substance as Williams's tendered instructions. The trial court encouraged Williams to include the substance of the proposed instructions in her closing argument. Tr. p. 339.

[19] We agree with the trial court that the substance of Williams's tendered instructions is covered by these preliminary instructions. Williams's first instruction merely restates the preliminary instructions—namely, that the defendant is aware of a high probability that the child is in a situation that actually and appreciably endangers the child's health. Williams's third instruction is simply an incorrect statement of the law. This Court has never

held that "[m]erely leaving a child home alone for *any* amount of time does not constitute Neglect of a Dependent." Appellant's App. p. 84 (emphasis added). If taken literally, this would mean that leaving a two-year-old child home alone for a week, or even a month, would not constitute neglect of a dependent. This instruction could only have misled the jury.

[20] While Williams's second instruction clarifies that the appreciable danger must go substantially beyond normal childhood risks, we do not believe that the trial court's decision to exclude this instruction amounted to an abuse of discretion. On appeal, we ask whether the instructions, taken as a whole, misstate the law or otherwise mislead the jury. *Murray*, 798 N.E.2d at 900. Although Williams's second instruction arguably had the potential to bolster the jury's understanding of the law, the instructions that were given did not misstate the law and the exclusion of Williams's second instruction did not render the remaining instructions misleading.

[21] The judgment of the trial court is affirmed.

Vaidik, C.J., and Riley, J., concur.