## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 22 2020, 8:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Clifford M. Robinson
The Law Office of Clifford M. Robinson, LLC
Rensselaer, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lavontae Lee,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff,*

October 22, 2020

Court of Appeals Case No.
20A-CR-836

Appeal from the Newton Superior Court

The Honorable Daniel J. Molter, Judge

Trial Court Cause No.
56D01-1906-F6-617

**Robb, Judge.**

# Case Summary and Issue

[1]     Following a jury trial, Lavontae Lee was convicted of neglect of a dependent, a Level 6 felony; possession of marijuana, a Class B misdemeanor; and reckless driving, a Class C misdemeanor. The trial court sentenced Lee to an aggregate sentence of eighteen months to be served in the Indiana Department of Correction ("DOC"). Lee appeals and raises the sole issue of whether there was sufficient evidence to support his neglect of a dependent conviction. Concluding the State presented sufficient evidence to support his conviction, we affirm.

# Facts and Procedural History

[2]     On June 8, 2019, Vincent Lowe ("Officer Lowe"), an investigator with the Newton County Prosecutor's Office, was assigned to the Drug Task Force and was on patrol near U.S. 41 and County Road 100 North in Newton County. Officer Lowe heard a vehicle's "exhaust rapidly accelerating" and observed a Dodge traveling westbound on the county road. Transcript of Evidence, Volume II at 51. Officer Lowe left his location, pulled onto the county road, and increased his speed "to try [to] catch up" to the Dodge. *Id.* At the time, the road had been recently repaved, and it was "drizzling rain and almost dark." *Id.* at 52. Officer Lowe passed a Cadillac that was behind the Dodge and accelerated to approximately 110 mph "before [he] was close enough to activate [his] same direction radar unit," which reported that the Dodge was traveling at 114 mph in a 55 mph speed zone. *Id.* at 51.

[3]     Officer Lowe activated his emergency lights to initiate a traffic stop and the Dodge pulled over immediately. Officer Lowe walked up to the vehicle and immediately smelled the odor of marijuana emanating from the car. Lee was the driver and two adult males and L.L., Lee's minor son, were also in the vehicle. Officer Lowe asked Lee to step out of the vehicle. At some point, a backup unit arrived.[1]

[4]     While another officer spoke with the other occupants, Officer Lowe and Lee stood in front of his patrol car "to discuss the happenings and get [Lee's] identifying information." *Id.* at 52. Lee stated he believed Officer Lowe was his friend behind him driving the Cadillac and thought they were "playing games" and he "didn't realize that [Officer Lowe] passed that friend and that [the patrol vehicle's] headlights were the same color as the Cadillac SUV, so he was taken off-guard that it was actually a police car and not the Cadillac." *Id.* at 53, 63. Lee then spoke with another officer while Officer Lowe relayed Lee's information to dispatch. The other officer informed Officer Lowe that Lee had disclosed that he had marijuana on his person. Officers allowed Lee to retrieve the marijuana and turn it over, which later field tested positive for THC. Officers also discovered remnants of marijuana in the vehicle in plain view. Lee was arrested and a relative took custody of L.L. and the vehicle.

---

[1] It is unclear how many backup officers arrived on scene.

[5] On June 13, the State charged Lee with neglect of a dependent, a Level 6 felony; possession of marijuana, a Class B misdemeanor; and reckless driving, a Class C misdemeanor. A jury trial was held on March 2, 2020,[2] and the jury found Lee guilty as charged. The trial court sentenced Lee to an aggregate sentence of eighteen months to be served in the DOC. Lee now appeals. He only challenges his neglect of a dependent conviction; he does not challenge his possession of marijuana and reckless driving convictions. Additional facts will be supplied as necessary.

# Discussion and Decision

## I. Standard of Review

[6] Our standard of review upon a challenge to the sufficiency of the evidence is well settled. *D.J. v. State*, 88 N.E.3d 236, 241 (Ind. Ct. App. 2017). We do not reweigh the evidence or judge the credibility of the witnesses. *Purvis v. State*, 87 N.E.3d 1119, 1124 (Ind. Ct. App. 2017). Instead, we consider only the evidence supporting the verdict and any reasonable inferences that can be drawn therefrom. *Morris v. State*, 114 N.E.3d 531, 535 (Ind. Ct. App. 2018), *trans. denied.* Thus, we consider conflicting evidence most favorably to the verdict. *Silvers v. State*, 114 N.E.3d 931, 936 (Ind. Ct. App. 2018). "We will affirm if there is substantial evidence of probative value such that a reasonable

---

[2] Following the presentation of evidence, Lee moved for a directed verdict. The trial court denied his motion.

trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). The evidence need not overcome every reasonable hypothesis of innocence; it is sufficient if an inference may reasonably be drawn from the evidence to support the verdict. *Silvers*, 114 N.E.3d at 936.

## II. Neglect of a Dependent

[7] Lee argues the evidence is insufficient to support his neglect of a dependent conviction. Specifically, he claims that the State failed to present sufficient evidence that he "exposed [L.L.] to any actual or appreciable danger to life or health." Brief of Appellant at 12. We disagree.

[8] To convict Lee, the State was required to prove each element of neglect of a dependent beyond a reasonable doubt. Ind. Code § 35-41-4-1(a). "A person having the care of a dependent, whether assumed voluntarily or because of a legal obligation, who knowingly or intentionally . . . places the dependent in a situation that endangers the dependent's life or health . . . commits neglect of a dependent, a Level 6 felony." Ind. Code § 35-46-1-4(a)(1).[3] A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so. Ind. Code § 35-41-2-2(b). For purposes of the child neglect statute, "a 'knowing' mens rea requires a subjective awareness

---

[3] A "dependent" is defined as "an unemancipated person who is under eighteen (18) years of age" or "a person of any age who has a mental or physical disability." Ind. Code § 35-46-1-1.

of a 'high probability' that a dependent has been placed in a dangerous situation." *Villagrana v. State*, 954 N.E.2d 466, 468 (Ind. Ct. App. 2011). "Our court has repeatedly held that the Neglect Statute must be read as applying only to situations that expose a dependent to an 'actual and appreciable' danger to life or health." *Burden v. State*, 92 N.E.3d 671, 675 (Ind. Ct. App. 2018). (internal quotation omitted). And we have explained,

> to be an "actual and appreciable" danger for purposes of the neglect statute when children are concerned, the child must be exposed to some risk of physical or mental harm that goes *substantially beyond the normal risk* of bumps, bruises, or even worse that accompany the activities of the average child. This is consistent with a "knowing" mens rea, which requires *subjective awareness of a "high probability" that a dependent has been placed in a dangerous situation, not just any probability*.

*Scruggs v. State*, 883 N.E.2d 189, 191 (Ind. Ct. App. 2008) (quoting *Gross v. State*, 817 N.E.2d 306, 309 (Ind. Ct. App. 2004)), *trans. denied*. Because such a finding requires the fact-finder to infer the defendant's mental state, we look to all surrounding circumstances of a case to determine if a guilty verdict is proper. *Villagrana*, 954 N.E.2d at 468.

[9] Lee contends the State presented no evidence that he had a "subjective awareness of a 'high probability' that driving at [114 mph] constituted an actual

and appreciable danger to [L.L.]'s life or health." Br. of Appellant at 13 (footnote omitted).[4] The evidence in the record, however, reveals otherwise.

[10] Here, there is no question Lee was driving 114 mph on a county road with his child secured in the backseat. When Officer Lowe pulled Lee over, Lee indicated that he thought the patrol vehicle was actually his friend's SUV and they were "playing games[.]" Tr., Vol. II at 63. Although Lee did not appear to be impaired, Officer Lowe smelled the odor of marijuana emanating from the car and Lee was in possession of marijuana at the time of the traffic stop. With respect to the conditions, Officer Lowe testified at trial that at the time of the stop, "[i]t was almost dark [and i]t had been drizzling rain[.]" *Id.* at 52. In addition, he explained that the road had just been resurfaced "so it[ was] a dark blacktop with no lane controls or markings on the road." *Id.* And when asked what effect the rain had on the road, Officer Lowe responded, "The pavement was wet so that could cause it to be slick[.]" *Id.* Ultimately, Officer Lowe agreed that by traveling at 114 mph under the conditions he described, Lee was endangering L.L. *See id.* at 73.

[11] Lee's argument is a request for this court to reweigh the evidence, which we cannot do. *See Purvis*, 87 N.E.3d at 1124. Based on the totality of this evidence, a reasonable fact-finder could infer Lee had a subjective awareness of a high

---

[4] A large portion of Lee's argument is centered around Officer Lowe's discretion in recommending that Lee be charged with neglect of a dependent; however, we agree with the State that the decision to charge him with neglect of a dependent in itself is "neither probative nor relevant to whether the evidence was sufficient to support [such] a conviction." Brief of Appellee at 11 n.2.

probability that driving 114 mph on a wet, potentially slick, county road at dusk put his son at risk of physical harm beyond the normal risk of harm that accompanies the activities of an average child. *Cf. Scruggs*, 883 N.E.2d at 191-92 (holding there was no evidence from which the trier of fact could infer that the defendant had the subjective awareness of a high probability that her seven-year-old child was placed in a dangerous situation when she left him at home alone for three hours).

# Conclusion

[12] We conclude sufficient evidence exists to support Lee's neglect of a dependent conviction. Accordingly, we affirm.

[13] Affirmed.

Crone, J., and Brown, J., concur.